John STOLLMEYER, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Colorado Compensation Insurance Authority, and United States Soccer Federation, Respondents.

No. 94CA1798.

Colorado Court of Appeals,
Div. III.

Sept. 14, 1995.

Rehearing Denied Oct. 26, 1995.

Certiorari Denied April 29, 1996.

Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, Colorado; Wilcox & Ogden, Ralph Ogden, Denver, CO, for petitioner.

No Appearance for the Industrial Claim Appeals Office.

Douglas A. Thomas, Denver, CO, for respondent Colorado Compensation Insurance Authority.

No Appearance for United States Soccer Federation.

Opinion by Judge HUME.

■ John Stollmeyer (claimant) petitions for review of a final order of the Industrial Claim Appeals Panel denying his claim for ongoing medical benefits against his employer, United States Soccer Federation, and its insurer, the Colorado Compensation Insurance Authority (collectively CCIA). We affirm.

Claimant developed traumatic arthritis to his ankle while playing professional soccer. Although the CCIA admitted maximum permanent partial disability benefits, it contested claimant's request for ongoing medical benefits. Based on claimant's testimony that his ankle remained painful, and on medical records indicating the likelihood of future degenerative changes, the Administrative Law Judge (ALJ) awarded ongoing medical benefits.

The Panel reversed the ALJ's award, finding that neither the ALJ's findings nor the evidence supported the award, and that the ALJ's application of the law was erroneous. The Panel held that under *Milco Construction v. Cowan,* 860 P.2d 539 (Colo.App.1992), evidence that a *particular course of* medical treatment is needed is a prerequisite to an award of ongoing medical benefits. Since the record did not contain evidence that any particular type of medical treatment would be necessary in the future to prevent deterioration of claimant's condition, the Panel reversed without remanding.

Claimant contends that the Panel erred in its interpretation of *Milco* and that claimant's burden of proof is limited to proving that future medical treatment was reasonably necessary. Claimant argues that since

he met that burden of proof, the ALJ's award of ongoing medical benefits should be reinstated. While we agree that claimant must prove a reasonable need for future medical treatment, we are satisfied that claimant did not prove that need by way of substantial evidence.

■ Even if a claimant has reached maximum medical improvement, so that future medical treatment would not effect a "cure" of the condition, the ALJ may nevertheless order that the employer provide future medical treatment "reasonably necessary to relieve the [claimant] from the effects of the industrial injury...." *Grover v. Industrial Commission,* 759 P.2d 705, 710 (Colo.1988); *see* § 8–42–101(1)(a), C.R.S. (1995 Cum. Supp.).

In *Milco Construction v. Cowan, supra,* 860 P.2d at 542, a division of this court rejected the notion that future medical

treatment was limited to "maintenance care," holding that: If the evidence in a particular case establishes that, but for a *particular course of* medical treatment, a claimant's condition can reasonably be expected to deteriorate, so that he will suffer a greater disability than he has sustained thus far, such medical treatment, irrespective of its nature, must be looked upon as treatment designed to relieve the effects of the injury, or to prevent deterioration of the claimant's present condition. (emphasis added)

There, a particular course of anticipated treatment—knee surgery—was at issue, and thus the holding was tailored to those circumstances.

■ To the extent that the Panel interpreted *Milco* as *mandating* that a "particular" or specific course of treatment be anticipated or articulated at the time of the order, we disapprove that interpretation. Rather, we read *Milco* as being consistent with the supreme court's decision that the ALJ may award benefits for "*any* future treatment reasonably necessary to relieve the claimant from the effects of the industrial injury...." *Grover v. Industrial Commission, supra,* 759 P.2d at 710 (emphasis added). This consis-

tency is evidenced by the directions on remand to the ALJ, in which the *Milco* court recognized that a general order, similar to that described in *Grover*, could enter.

■ However, before an order for future medical benefits may enter, there must be substantial evidence in the record to support a determination that future medical treatment will be reasonably necessary to relieve a claimant from the effects of the injury or to prevent further deterioration of his or her condition. *Grover v. Industrial Commission, supra.*

Here, although the Panel may have interpreted *Milco* too narrowly, it correctly concluded that substantial evidence does not support the award of ongoing medical benefits. Just as the Panel found no evidence of a prescription or recommendation for a *"particular course of* medical treatment," the record contains no evidence of a prescription or recommendation for *any* course of medical treatment necessary to relieve claimant from the effects of the injury or to prevent further deterioration. Hence, although we disagree with the Panel's interpretation of *Milco*, it reached the right result, and thus, its order will be affirmed. *See Rosa v. Warner Electrical Contracting*, 870 P.2d 1210 (Colo.1994).

■ In support of his argument that there was evidence of the need for treatment, claimant urges us to equate his potential for future degeneration, which has record support, with the need for medical *treatment.* This we cannot do.

A showing of need for treatment is not met by simply proving that degenerative changes will occur. It is entirely possible that an ALJ, within the exercise of his discretion, could determine that *no* treatment could prevent or relieve certain types of degeneration. If so, an award of ongoing medical benefits would be inappropriate.

Thus, to support an award for ongoing medical benefits, there must be substantial evidence that future medical treatment is reasonably necessary to relieve the effects of the industrial injury or to prevent future deterioration of the claimant's work-related condition. Although the specifics of that treatment may be articulated, as in *Milco*, specificity is not required.

We do not consider this appeal to be groundless so as to warrant an award of attorney fees in favor of CCIA.

The order of the Panel is affirmed.

NEY and BRIGGS, JJ., concur.