MOUNTAIN MEADOWS NURSING CENTER, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, the Subsequent Injury Fund, and Brenda Kessler, Respondents.

No. 98CA0469.

Colorado Court of Appeals, Div. II.

Feb. 4, 1999.

Rehearing Denied May 6, 1999.

Certiorari Denied Dec. 20, 1999.

Miles, McLaren & Peters, P.C., William A. Richardson, Denver, Colorado, for Petitioner.

No Appearance for Respondent the Industrial Claim Appeals Office.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Jill M.M. Gallet, Assistant Attorney General, Denver, Colorado, for Respondent the Subsequent Injury Fund.

Jon C. Thomas, P.C., Jon C. Thomas, Colorado Springs, Colorado, for Respondent Brenda Kessler.

Opinion by Judge CRISWELL.

Mountain Meadows Nursing Center (employer) petitions for review of a final order of the Industrial Claim Appeals Office (Panel) which denied its request to apportion its liability for the permanent total disability (PTD) benefits payable to Brenda Kessler (claimant). We affirm.

While working for employer in 1991, claimant sustained an admitted injury to her ankle which eventually resulted in reflex sympathetic dystrophy in both her lower and upper extremities. The Administrative Law Judge (ALJ) found that, because of this condition, claimant had severe physical restrictions. Based on these restrictions, claimant's vocational expert opined that claimant was unable to return to any work. The parties stipulated that claimant is now permanently and totally disabled.

Claimant had suffered a prior industrial back injury in 1980. Employer's vocational expert testified that claimant had significant restrictions as a result of this prior injury. On that basis, employer requested apportionment of the PTD benefits.

However, the ALJ denied apportionment, finding that claimant's PTD is solely attributable to the 1991 ankle injury. He relied on the medical evidence that her restrictions were attributable to this latter injury and that claimant's participation in vocational rehabilitation after the first injury allowed her to return to work in 1991. The Panel affirmed.

■ Employer contends that most of the liability for claimant's PTD benefits should have been made the responsibility of the Subsequent Injury Fund (SIF) under § 8–46–101(1), C.R.S.1998, or, alternatively, apportioned under § 8–42–104(2), C.R.S.1998. Employer argues that substantial evidence does not support the ALJ's findings upon which the denial of apportionment was made. We are not persuaded.

Apportionment of disability awards is governed by § 8–42–104(2), which requires the reduction of a disability award to reflect the extent to which a previous disability impacts upon a present disability rating. By its terms, it applies to all previous disabilities, except when the statute governing SIF's liability for previous industrial disabilities is applicable. *Bowland v. Industrial Claim Appeals Office*, 984 P.2d 660 (Colo.App.1998).

The SIF statute, § 8–46–101(1), applies only if two or more industrial disabilities combine to render a claimant permanently and totally incapable of steady gainful employment and incapable of rehabilitation to steady gainful employment. It imposes liability on a later employer for that portion of the PTD attributable to the last injury, while making SIF responsible for that portion caused by the previous industrial injuries. *Bowland v. Industrial Claim Appeals Office, supra.*

■ The obvious purpose of both statutes is to make the employer at the time of the employee's last injury responsible only for the disability resulting from that injury and not for any portion of the present disability that results from a prior injury. But, in either instance, the past disability must play a role in the employee's present disability.

Hence, under the specific terms of § 8–46–101(1), the SIF has no liability unless the prior disability has "combined" with the present disability to render the employee permanently and totally disabled.

■ Likewise, while the statute makes no specific reference to the point, it has been held that no apportionment under § 8–42–104(2) is proper if the employee has fully recovered from a past disability so that the prior injury does not contribute to any present disability. *Lambert & Sons, Inc. v. Industrial Claim Appeals Office*, 984 P.2d 656 (Colo.App.1998). Indeed, under this statute, apportionment is appropriate "only when a prior disability, as defined in the [*American Medical Association Guides to the Evaluation of Permanent Impairment*], is a *contributing factor* to a subsequent industrial injury." *Askew v. Industrial Claim Appeals Office*, 927 P.2d 1333, 1338 (Colo.1996) (emphasis supplied).

■ Whether either statute is applicable is a question of fact for the ALJ, and findings based on substantial evidence are binding on

review. *Baldwin Construction, Inc. v. Industrial Claim Appeals Office*, 937 P.2d 895 (Colo.App.1997) (§ 8–42–104(2)); *General Iron Works v. Industrial Commission*, 719 P.2d 353 (Colo.App.1985) (SIF statute). The existence of conflicting evidence does not lessen the import of substantial evidence supporting a conclusion. *Metro Moving & Storage Co. v. Gussert*, 914 P.2d 411 (Colo.App. 1995).

Here, we will assume that the issue of apportionment under § 8–42–104(2) was properly raised before the ALJ. Nevertheless, we conclude that the ALJ's findings preclude the application of either statute.

The ALJ found that claimant's authorized treating physician attributed all of her restrictions to the 1991 injury, and he also found that all of claimant's total disability was the result of the 1991 injury. Hence, the ALJ found, in effect, that any earlier disability did not combine with or contribute to her present total disability.

Even though employer points to the existence of conflicting evidence, we conclude that the evidence supporting the ALJ's findings is substantial. Therefore, we are bound by those findings. And, given these findings, the legal conclusion that neither statute applies was correct. Hence, we have no basis to set aside the order. *See* § 8–43–308, C.R.S.1998.

We note that the ALJ stated in his order that claimant testified that she returned to work as a staff nurse after her earlier injury. Because claimant did not testify at the hearing, this finding is in error. However, inasmuch as the testimony of claimant's vocational expert confirms the underlying fact, the error is harmless. *See* § 8–43–310, C.R.S.1998.

The order of the Panel is affirmed.

Judge PLANK and Judge KAPELKE concur.