WACKENHUT CORPORATION and Insurance Company of the State of Pennsylvania, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OF-FICE OF the STATE OF COLORADO and William C. Gegenwarth, Respondents.

No. 00CA0061.

Colorado Court of Appeals, Div. IV.

Oct. 26, 2000.

Rehearing Denied Dec. 21, 2000.

Treece, Alfrey, Musat & Bosworth, P.C., James B. Fairbanks, Prentice R. Ehret, Denver, CO, for Petitioners.

No Appearance for Respondent the Industrial Claim Appeals Office.

Law Office of Neil O'Toole, P.C., Neil D. O'Toole, Denver, CO, for Respondent William C. Gegenwarth.

Opinion by Judge MARQUEZ.

Wackenhut Corporation and Insurance Company of the State of Pennsylvania (collectively employer) seek review of the final order of the Industrial Claim Appeals Office (Panel) awarding William C. Gegenwarth (claimant) a whole person permanent medical impairment of 14%. We affirm.

Claimant's treating physician determined that claimant suffered a 5% whole person impairment for his lumbosacral injury, but apportioned the entire rating to a pre-existing 1993 back injury.

The division sponsored independent medical examination (IME) physician gave claimant a 14% whole person rating. He testified that he relied upon a medical note from a chiropractor that the treatment for claimant's prior back injury was for a left thoracocostal sprain injury, involving the left sacroiliac and left cervical area, and stated that, in contrast, claimant's current injury involved the right sacroiliac area. The IME physician therefore determined that apportionment was not appropriate for the injury to claimant's lumbar spine and opined that claimant was entitled to a whole person rating of 14%.

I.

■ Employer asserts that because the American Medical Association, *Guides to the Evaluation of Permanent Impairment,* (rev.3d ed. 1990) (AMA Guides) do not distinguish between right and left sacroiliac injuries, the Administrative Law Judge (ALJ) erred as a matter of law in determining that the IME physician correctly applied the Guides when he did not apportion disability to claimant's back. We disagree.

■ For all non-scheduled injuries, permanent impairment must now be determined based on the AMA Guides. Sections 8–42–101(3.7) and 8–42–107(8)(c), C.R.S.2000. *Metro Moving & Storage Co. v. Gussert,* 914 P.2d 411 (Colo.App.1995).

■ Section 8–42–104(1), C.R.S.2000, requires the reduction of a disability award to reflect the extent to which a previous disability impacts upon a present disability rating. Apportionment is appropriate only when a prior disability, as defined in the AMA Guides, is a contributing factor to a subsequent industrial injury. *Mountain Meadows Nursing Center v. Industrial Claim Appeals Office,* 990 P.2d 1090 (Colo.App.1999).

■ Whether the apportionment statute is applicable ultimately is a question of fact. *Holly Nursing Care Center v. Industrial Claim Appeals Office,* 992 P.2d 701 (Colo. App.1999).

Employer's argument is based upon an instruction in the AMA Guides that total impairment to the whole person resulting from spine injury is calculated after "the primarily impaired region (cervical, thoracic, lumbar) region" is selected. AMA Guides,

*supra,* at 79. Employer argues that, since the AMA Guides do not further divide these regions between left and right-sided injuries and it is .undisputed that claimant suffered successive injuries to the same region of his back, apportionment was required in this case. We are not persuaded.

Here, the IME physician testified that while the range of motion measurements, as used in Table 53 of the AMA Guides, do not distinguish between left and right sacroiliac injuries, the Guides are applied only after an area of objective dysfunction is found after clinical examination. He testified that both his clinical examination and claimant's history established that a different area of the lower back was injured in 1997 as compared to the prior injury. His report states that claimant was a good historian, described the areas affected by the current injury, and concluded that the current injury to the right sacroiliac area was "quite different" and "separate" from the prior injury.

The glossary provisions of the AMA Guides, Appendix A, state that a clinical evaluation includes information obtained by history, clinical findings obtained from a physical examination, laboratory tests, and function measurements. They also state that an *"[e]valuation or rating of impairment* is an assessment of data collected during a clinical evaluation and the comparison of those data to the criteria contained in the *Guides."* AMA Guides, *supra,* at 243–44.

In addressing apportionment, the AMA Guides, *supra,* § 2.2 at 6–7 further state that:

> The existence of an impairment does not create a presumption of contribution by a factor with which the impairment is often associated.
>
> Even when the impairment is well localized, its consequences cannot be understood without taking the person into account. Attention to full and complete reporting will provide the best opportunity for physicians to explain the health status of claimants and the nature of their impairments. . . .

Thus, the AMA Guides do not preclude a physician from concluding that an injury primarily occurred to or affected one side of the back. Indeed, the Guides instruct the physician to consider the individual claimant and his or her particular situation. Therefore, we find no error in the ALJ's conclusion that the IME physician's rating was performed consistently with the requirements of the AMA Guides.

## II.

■ Employer contends that the ALJ erred in crediting the opinion of the IME physician. We disagree.

■ Whether the IME physician properly applied the AMA Guides and whether the IME's rating was overcome by clear and convincing evidence are questions of fact. *McLane Western, Inc. v. Industrial Claim Appeals Office,* 996 P.2d 263 (Colo.App.1999).

Here, the ALJ found that employer did not overcome the IME physician's determination that the medical record was insufficient to establish an apportionable pre-existing impairment. Accordingly, although the record may be subject to conflicting inferences, both the Panel and this court are bound by the ALJ's resolution of the factual question of credibility. *See McLane Western, Inc. v. Industrial Claim Appeals Office, supra.*

## III.

As to employer's other contentions, we agree with the Panel's analysis and conclusions.

■ Here, the record shows that claimant reported that, after being placed at maximum medical improvement from his first injury, he was able to work out regularly and jog and that he did not have any problems with his back. Thus, even though claimant had a prior impairment, he did not have a prior disability. *See Askew v. Industrial Claim Appeals Office,* 927 P.2d 1333 (Colo. 1996). It follows that since claimant was asymptomatic at the time of the subsequent injury, apportionment was. not appropriate.

*Lambert & Sons, Inc. v. Industrial Claim Appeals Office*, 984 P.2d 656 (Colo.App.1998).

The order is affirmed.

Judge TAUBMAN and Judge CASEBOLT concur.