**JOSLINS DRY GOODS COMPANY and Liberty Mutual Insurance Company, Petitioners,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado and Cindy L. Carlson, Respondents.**

No. 00CA0718.

Colorado Court of Appeals,
Div. IV.

Feb. 1, 2001.

.Law Offices of Jonathan S. Robbins, David G. Kroll, Denver, CO, for Petitioners.

No Appearance for Respondent Industrial Claim Appeals Office of the State of Colorado.

Steven U. Mullens, P.C., Steven U. Mullens, Pueblo, CO, for .Respondent Cindy L. Carlson.

Opinion by Judge DAVIDSON.

In this workers' compensation case, Joslins Dry Goods Company and its insurer, Liberty Mutual Insurance Company (collectively em-

ployer), seek review of a final order of the Industrial Claim Appeals Office (Panel) awarding Cindy L. Carlson (claimant) permanent total disability (PTD) benefits. We affirm.

Claimant sustained a compensable injury when she fell in 1993. She injured her right shoulder and back, and subsequently developed migraine headaches. Claimant has also been diagnosed with depression.

Claimant testified that at the time of the hearing in 1999, she worked as a food service worker at her daughter's school, worked two to three hours per day, two to three days per week, and was paid $6.10 per hour. This job began as volunteer work, and claimant testified that she gave free cartons of milk to students who helped her with lifting and that her boss was a friend who "protected" her. Claimant also testified that she felt unable to continue this employment because of frequent, disabling headaches. An examining physician opined that claimant should not continue the food service job because it caused stress and muscle tension, which "set off" the headaches.

Claimant's vocational expert opined that claimant was not capable of maintaining employment. He further stated that claimant's job as a food service worker did not constitute employment because of the limited number of hours, and because she was permitted to work significantly fewer hours than mandated by her contract. Finally, the expert opined that the food service job was not the type of work generally available to the public.

Crediting the testimony of claimant, her physician, and the vocational expert, the Administrative Law Judge (ALJ) found that claimant was rendered permanently and totally disabled as a result of the industrial injury. The ALJ further determined that claimant's work at the school did not qualify as competitive employment and that no jobs were available which would allow claimant to earn any wages. The Panel affirmed.

## I.

Employer contends that the ALJ's award of PTD benefits is erroneous as a matter of law because claimant held the food service job for more than two years after the industrial injury and continued to work at the time of the hearing, thereby demonstrating the ability to earn wages. We disagree.

Under § 8–40–201(16.5)(a), C.R.S.2000, a claimant is permanently and totally disabled if he or she is "unable to earn any wages in the same or other employment." *Weld County School District RE 12 v. Bymer,* 955 P.2d 550 (Colo.1998).

However, in making a PTD determination, the ALJ may consider the effects of the industrial injury in light of the claimant's human factors, including, *inter alia,* the claimant's age, work history, general physical condition, and prior training and experience. *Weld County School District RE 12 v. Bymer, supra; Holly Nursing Care Center v. Industrial Claim Appeals Office,* 992 P.2d 701 (Colo.App.1999). The crux of the test is the "existence of employment that is reasonably available to the claimant under his or her particular circumstances." *Weld County School District RE 12 v. Bymer, supra,* 955 P.2d at 558.

PTD benefits may be awarded even if a claimant holds some type of post-injury employment. To hold otherwise would be contrary to the public policy to encourage the return of injured workers to the work force. If the evidence shows that a claimant is not physically able to sustain the post-injury employment, or that such employment is unlikely to become available to a claimant again in view of the particular circumstances, the ALJ need not find that the claimant is capable of earning wages. *See Holly Nursing Care Center v. Industrial Claim Appeals Office, supra* (PTD benefits awarded even though claimant held sheltered employment, since vocational expert opined that claimant probably could not secure a similar position if she lost that job); *Best–Way Concrete Co. v. Baumgartner,* 908 P.2d 1194 (Colo.App.1995) (award of PTD benefits upheld even though claimant obtained post-injury income through part ownership in business and had tried to work in that business, but was physically incapable of doing so). To the contrary, the issue of entitlement to PTD benefits remains

one of fact for the ALJ. *Weld County School District RE 12 v. Bymer, supra; Lobb v. Industrial Claim Appeals Office,* 948 P.2d 115 (Colo.App.1997).

*McKinney v. Industrial Claim Appeals Office,* 894 P.2d 42 (Colo.App.1995), and *Lobb v. Industrial Claim Appeals Office, supra,* do not require a different result as employer suggests. The facts in both cases are distinguishable from claimant's situation here. In *McKinney,* the ALJ found that the claimant could engage in modified sedentary activities for four to six hours per day and that she could obtain part-time, entry-level, unskilled work. Likewise, in *Lobb,* the claimant was offered employment, it was approved by the physician, and the vocational experts agreed that the employment was appropriate.

■ Here, in contrast, the ALJ effectively determined that claimant's job did not constitute bona fide employment. This determination is supported by evidence that claimant originally performed this job on a volunteer basis and that her minimum work hours and the frequent absences necessitated by her physical condition were accommodated by her employer. Furthermore, claimant's vocational expert testified that claimant's job is not available on the open labor market, and neither the expert nor claimant thought that she was able to maintain the employment.

## II.

Employer also contends that the ALJ erred in determining that claimant's PTD was caused by the industrial injury. For support, employer relies on the ALJ's finding that claimant's "headache condition has become a cyclical self-perpetuating problem that is triggered by [her] minimal work efforts at her daughter's school as well as other stresses that result from her injury." Employer asserts that this finding establishes that claimant's employment at the school either "aggravated" or "caused" the headaches and, hence, the PTD. Again, we disagree.

■ Initially, we reject claimant's argument that employer waived the causation argument by failing to raise it as an affirmative defense. We agree with the Panel that

since claimant had the initial burden to establish that the industrial injury was a significant causative factor in her PTD, *see Cooper v. Industrial Claim Appeals Office,* 998 P.2d 5 (Colo.App.1999) (*cert. granted* April 24, 2000), the sufficiency of the evidence to establish causation was necessarily before the ALJ. Thus, we will consider the merits of employer's contention.

■ In order to establish that the industrial injury was a significant causative factor, a claimant is required to prove that there was a direct causal relationship between the industrial injury and the PTD. *Seifried v. Industrial Commission,* 736 P.2d 1262 (Colo.App.1986). This determination requires the ALJ to ascertain the nature and extent of the claimant's residual impairment from the industrial injury. *Cooper v. Industrial Claim Appeals Office, supra.* Since causation is an issue of fact for the ALJ, *Snyder v. Industrial Claim Appeals Office,* 942 P.2d 1337 (Colo.App.1997), we must uphold the ALJ's order if it is supported by substantial evidence. Section 8–43–308, C.R.S.2000.

■ Here, the ALJ explicitly found that claimant's PTD was caused by the 1993 industrial injury. In so doing, the ALJ credited the physician's testimony that all of claimant's medical conditions were secondary to the work-related injury. We conclude that the physician's testimony constitutes substantial evidence to support the ALJ's determination that the industrial injury caused claimant's PTD, even though her subsequent employment at the school tended to "trigger" headaches. *See Wal–Mart Stores, Inc. v. Industrial Claims Office,* 989 P.2d 251 (Colo. App.1999) (deference is afforded the ALJ's resolution of conflicts in the evidence, credibility determinations, and plausible inferences drawn from the record).

The order of the Panel is affirmed.

Judge RULAND and Judge KAPELKE concur.