81 P.3d 1117
Mary Ann WILSON, Petitioner,
v.
INDUSTRIAL CLAIM APPEALS OFFICE OF THE STATE OF COLORADO, Falcon School District No. 49, and Western Guarantee Fund, Respondents.
No. 02CA2140.
Colorado Court of Appeals, Div. III.
August 14, 2003.
Certiorari Denied January 12, 2004.

        Steven U. Mullens, P.C., Steven U. Mullens, Colorado Springs, Colorado, for Petitioner.
        No Appearance for Respondent Industrial Claim Appeals Office.
        Jeffrey C. Fleischner, Denver, Colorado, for Respondents Falcon School District No. 49 and Western Guarantee Fund.
        Opinion by Judge DAILEY.
        In this workers' compensation case against Falcon School District No. 49 and its insurer, Western Guarantee Fund (collectively employer), Mary Ann Wilson (claimant) seeks 

81 P.3d 1118
 review of a final order of the Industrial Claim Appeals Office (Panel) denying her additional permanent partial disability benefits. The denial was based on her failure to overcome the medical impairment rating of the physician performing the Division-sponsored independent medical examination (DIME). We affirm.
        Claimant sustained a compensable back injury in 2000 and reached maximum medical improvement (MMI) in March 2001. She and employer each chose a physician to perform an independent medical examination (IME). Claimant's IME physician rated the impairment at thirty-eight percent of the whole person, which included five percent for the lumbar spine and thirteen percent for reduced range of motion of the lumbar spine. Employer's IME physician rated the impairment at twenty-five percent of the whole person, which did not include a rating for the lumbar spine impairment because he concluded it was not work related.
        The DIME physician issued a twenty-nine percent whole person rating, which included five percent for the lumbar spine and two percent for reduced range of lumbar motion. After employer admitted liability for the twenty-nine percent rating, claimant requested a hearing to overcome the DIME physician's impairment rating as it pertained to lumbar range of motion.
        At the hearing, claimant's IME physician testified that the DIME physician did not properly complete the ratings worksheet for lumbar range of motion because he failed to record certain measurements, and that he also failed to use the dual inclinometer method of measurement prescribed by the American Medical Association Guides to the Evaluation of Permanent Impairment (3d ed. 1990)(AMA Guides). Accordingly, claimant's IME physician concluded that the DIME physician's lumbar impairment rating was invalid.
        The administrative law judge (ALJ) found that the testimony of claimant's IME physician was speculative and unpersuasive with respect to the DIME physician's failure to use dual inclinometers. Instead, the ALJ found that the DIME physician properly measured claimant's lumbar range of motion and that the DIME physician was able to verify the validity of these measurements by comparing them to claimant's straight leg raising measurements. The ALJ concluded that the DIME physician's failure to record some of the measurements on the worksheet did not prove the rating itself was incorrect and that because the DIME physician's measurements for cervical and thoracic range of motion were "very similar" to those of the IME physicians, the DIME physician used the correct methodology when measuring lumbar range of motion.
        Accordingly, the ALJ found that claimant failed to overcome the DIME physician's impairment rating by clear and convincing evidence. The Panel affirmed.
        I.
        Claimant contends that the ALJ erred as a matter of law in finding the DIME physician's impairment rating was not overcome by clear and convincing evidence. Claimant argues that the evidence establishes the DIME physician deviated from the AMA Guides when rating lumbar impairment and no evidence supports the DIME physician's rating. We perceive no error.
        Claimant correctly states that a DIME physician must rate medical impairment in accordance with the provisions of the AMA Guides. Sections 8-42-101(3.7), 8-42-107(8)(c), C.R.S.2002. The DIME physician's finding concerning a claimant's impairment rating is binding on the parties unless overcome by clear and convincing evidence. Section 8-42-107(8)(c); Whiteside v. Smith, 67 P.3d 1240, 1246-47 (Colo.2003). Whether the DIME physician correctly applied the AMA Guides, and whether the rating itself has been overcome, are questions of fact for determination by the ALJ, and not, as claimant asserts, questions of law. See Wackenhut Corp. v. Indus. Claim Appeals Office, 17 P.3d 202, 204 (Colo.App.2000).
        Here, the evidence supports the ALJ's rejection of the testimony of claimant's IME physician that the DIME physician must have used the single, rather than the required dual, inclinometer method. Indeed, claimant's IME physician admitted that he 

81 P.3d 1119
 was "speculating" concerning the DIME physician's methodology and that the DIME physician's measurements for lumbar flexion could be interpreted as the result of either type of measurement.
        Further, the fact that the DIME physician failed to record certain measurements on the ratings worksheet did not require the ALJ to conclude that the required measurements were not done or done improperly. As the ALJ found, the DIME physician's measurements of cervical and thoracic impairment were nearly identical to those of claimant's IME physician, and the DIME physician compared the lumbar range of motion measurements to claimant's straight leg raising measurements. Thus, the ALJ could reasonably infer that the DIME physician recognized and applied the correct rating methods and criteria, but simply failed to record all the data on the worksheet.
        Claimant's assertion that the evidence equally supports the contrary inference, namely, that the DIME physician did not recognize and apply the correct rating methods, is unavailing. See Metro Moving & Storage Co. v. Gussert, 914 P.2d 411, 415 (Colo.App.1995)("If two equally plausible inferences may be drawn from the evidence, we may not substitute our judgment for that of the ALJ."); see also Pacesetter Corp. v. Collett, 33 P.3d 1230, 1234 (Colo.App. 2001)("We are bound by the ALJ's factual determinations, even when the evidence is conflicting and would have supported a contrary result.").
        Finally, the evidence also supports the ALJ's finding that claimant "merely had a different lumbar range of motion" on the days she was examined by the DIME physician and her IME physician. Employer's IME physician testified that the change may be explained, in part, by progressive improvement with time and also by natural variances in claimant's condition from one date to the next. It was for the ALJ to assess the weight of this evidence, see Metro Moving & Storage Co. v. Gussert, supra, and claimant's assertion notwithstanding, this interpretation of the evidence is consistent with MMI. See Â§ 8-40-201(11.5), C.R.S.2002 (MMI is not affected by the possibility of improvement or deterioration resulting from the passage of time).
        Thus, substantial evidence supports the ALJ's determination that claimant failed to overcome the DIME physician's rating by clear and convincing evidence. See Â§ 8-43-308, C.R.S.2002 (appellate court must uphold the ALJ's factual determinations if supported by substantial evidence in the record); Metro Moving & Storage Co. v. Gussert, supra (reviewing court must consider the evidence in the light most favorable to the prevailing party and defer to ALJ's resolution of conflicts in the evidence, credibility determinations, and plausible inferences drawn from the evidence).
        II.
        Claimant next contends that, because the DIME physician was bound to apply the AMA Guides, once claimant established the failure to properly apply them, the burden of proof shifted to employer to demonstrate the propriety of the DIME physician's rating. We disagree.
        Because the ALJ concluded, with sufficient evidentiary support, that the DIME physician used the proper procedure, claimant's factual premise for this assertion is erroneous.
        The order of the Panel is affirmed.
        Judge MARQUEZ and Judge ROY concur.