Woodrow W. HANNA, Jr., Petitioner,

v.

PRINT EXPEDITERS INC., State Farm Insurance Companies, and Industrial Claim Appeals Office, Respondents.

No. 02CA2237.

Colorado Court of Appeals, Div. II.

June 5, 2003.

Certiorari Denied Oct. 6, 2003.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2002.

Irwin & Boesen, P.C., Joseph J. Fraser, III, Denver, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Ritsema & Lyon, P.C., Eliot J. Wiener, Denver, Colorado, for Respondents Print Expediters Inc. and State Farm Insurance Companies.

Opinion by Judge NEY.

In this workers' compensation case brought against Print Expediters Inc. and its insurer, State Farm Insurance Companies (collectively employer), Woodrow W. Hanna, Jr. (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) striking his application for hearing on the issue of post-MMI medical benefits. We affirm.

Employer applied for a hearing to contest the opinion of a physician who performed a division-sponsored independent medical examination as to claimant's impairment from an admitted injury. Claimant's response to the application for hearing did not endorse any additional issues. Based upon the evidence presented at a hearing on August 1, 2001, the first administrative law judge (ALJ) issued an order dated September 11, 2001, which awarded permanent disability benefits. The order did not reserve any issue for future determination, and no appeal was taken from the order.

Meanwhile, on September 4, 2001, claimant filed an application for hearing that requested medical treatment after maximum medical improvement (MMI) and a change of physician. Employer moved to strike the application on the ground that the claim was closed. A second ALJ denied the motion, concluding that claimant preserved the claim for future medical benefits by filing an application for hearing prior to the date the first ALJ issued the order awarding permanent disability benefits.

When the issue of medical benefits came on for hearing before a third ALJ, employer requested reconsideration of the denial of the motion to strike the application for hearing. The third ALJ determined that the issue of continuing medical benefits was waived because it was not raised at the time of the first hearing on permanent disability, and the application for a second hearing, filed after the first hearing, did not preserve the issue. Furthermore, the third ALJ found that the first ALJ's order awarding permanent disability benefits closed the claim. Therefore, the third ALJ struck claimant's application for hearing, and the Panel affirmed.

I.

Claimant contends that the issue of future medical benefits was not closed because waiver should not, as a matter of policy, apply to a workers' compensation claim. Alternatively, claimant argues that even if waiver could apply, it was not applicable here because he was unaware of all relevant facts at the time of the hearing on permanency. We perceive no error in the Panel's decision.

 The ALJ may order payment for future medical treatment if there is substantial evidence in the record that such treatment is reasonably necessary to relieve the claimant from the effects of the industrial injury. *Grover v. Indus. Comm'n,* 759 P.2d 705 (Colo.1988); *Holly Nursing Care Ctr. v. Indus. Claim Appeals Office,* 992 P.2d 701 (Colo.App.1999). Thus, the claimant is entitled to future medical benefits where there is substantial evidence in the record to support a determination that future medical treatment will be reasonable and necessary to relieve the effects of an industrial injury or prevent further deterioration of the claimant's condition. *Stollmeyer v. Indus. Claim Appeals Office,* 916 P.2d 609 (Colo.App.1995).

Once the claimant establishes the probability of a need for future treatment, the claimant is entitled to a general award of future medical benefits, subject to the employer's right to contest compensability, reasonableness, or necessity. *Grover v. Indus. Comm'n, supra; Snyder v. Indus. Claim Appeals Office,* 942 P.2d 1337 (Colo.App. 1997).

While we recognize that public policy considerations may militate against applying the doctrine of waiver to claims for workers' compensation benefits, *see Johnson v. McDonald,* 697 P.2d 810 (Colo.App.1985), those considerations do not preclude waiver in all cases. Indeed, the doctrine has been used, albeit sparingly, in appropriate circumstances. *See Winters v. Indus. Comm'n,* 736 P.2d 1256 (Colo.App.1986)(claimant waived right to formal retraining in another field).

Thus, the right to future medical benefits may be waived if not requested at the time permanent disability is heard. *See Grover v. Indus. Comm'n, supra,* 759 P.2d at 711–12 ("[i]f at the hearing on the final award of permanent disability there is substantial evidence of such need for future treatment," the employer may be ordered to pay the costs of future medical treatment); *Milco Constr. v. Cowan,* 860 P.2d 539 (Colo.App. 1992)(need for future medical benefits must be substantiated at the time of hearing on the final award for permanent disability).

Here, it is undisputed that claimant did not request future medical benefits at the first hearing, and his posthearing position statement to the first ALJ was limited to the issue of permanent disability. Therefore, the third ALJ did not err in finding that claimant waived his claim for future medical benefits.

Furthermore, the claimant need not be receiving treatment at the time of MMI to obtain a general award of future medical benefits. *Holly Nursing Care Ctr. v. Indus. Claim Appeals Office, supra.* Accordingly, we reject claimant's alternative assertion that he could not litigate his claim for future medical benefits until he was prepared to establish his entitlement to a particular treatment.

## II.

Claimant next contends that his claim remained open because he filed his application for hearing before the first ALJ issued the order for permanent disability benefits. Again, we disagree.

A claim may be closed by a "final award" resulting from an admission or order after a contested hearing, and an "award" includes an order that grants or denies benefits. *Burke v. Indus. Claim Appeals Office,* 905 P.2d 1 (Colo.App.1994). Thus, unless an ALJ's award of benefits expressly reserves other issues for future determination, the "award" closes the claim and requires the parties to satisfy the reopening requirements of § 8–43–303, C.R.S.2002, before litigation of any further issues. *See Brown & Root, Inc. v. Indus. Claim Appeals Office,* 833 P.2d 780, 784 (Colo.App.1991)(order that denied temporary disability benefits, but contained express reservation of jurisdiction over the subject of permanent disability, did not close the claim; however, absent express reservation, order would "normally" have been considered an award requiring a reopening prior to granting any other benefits).

Admittedly, claimant filed his application for hearing on the issue of medical benefits prior to the date of the first ALJ's award of permanent partial disability benefits and prior to the date that order became final. *See* § 8–43–301(2), C.R.S.2002 (petition to review must be filed within twenty days of the date of mailing of the order, and the ALJ's order is final if no petition to review is timely filed). However, the first ALJ's order did not contain any clause that reserved the issue of medical benefits. Thus, the first ALJ's order awarded permanent disability benefits, but effectively denied all further benefits because it did not reserve any issues. *See Brown & Root, Inc. v. Indus. Claim Appeals Office, supra.*

Consequently, insofar as claimant was dissatisfied with the denial of all other benefits and sought to preserve a right to litigate an entitlement to future medical benefits, he was required to appeal the first ALJ's order. His failure to do so resulted in that order

becoming a "final award" that closed the claim and precluded claimant from litigating the claims for future medical benefits. *See Brown & Root, Inc. v. Indus. Claim Appeals Office, supra.* And, contrary to claimant's assertion, the finality that attaches in no way contravenes the intent and purpose of the Workers' Compensation Act because the reopening provisions provide the necessary safeguards. *See Renz v. Larimer County Sch. Dist. Poudre R–1,* 924 P.2d 1177 (Colo. App.1996) (reopening provisions of § 8–43–303 are indicative of a strong legislative policy that, in workers' compensation matters, the goal of achieving a fair and just result overrides the interest of litigants in obtaining a final resolution of their dispute).

 For similar reasons, claimant could not litigate a change of physician absent an order reopening the claim. Claimant's reliance on *Story v. Industrial Claim Appeals Office,* 910 P.2d 80, 82 (Colo.App.1995), is misplaced, inasmuch as that case involved a claimant's entitlement to a change in treating physicians "at any time" in the context of an open claim.

### III.

Claimant also contends that because employer's final admission of liability denied liability for future medical benefits, he should have been allowed to proceed on this issue. However, inasmuch as claimant failed to include the final admission in the record on appeal, we have no means of reviewing this contention. *See Sheron v. Lutheran Med. Ctr.,* 18 P.3d 796 (Colo.App.2000)(burden is on appellant to provide record justifying reversal, and absent such a record, we presume the regularity of the trial court proceedings).

The order of the Panel is affirmed.

Judge CASEBOLT and Judge WEBB concur.