SAFEWAY, INC., Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OF-
FICE of the State of Colorado and
Tearsa Sloan, Respondents.

No. 07CA0071.

Colorado Court of Appeals,
Div. IV.

April 17, 2008.

Thomas, Pollart, & Miller, LLC, Douglas A. Thomas, Greenwood Village, Colorado, for Petitioner.

John W. Suthers, Attorney General, Mary Karen Maldonado, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Fogel, Keating, Wagner, Polidori and Shafner, P.C., Marshall A. Fogel, Bradley R. Unkeless, Nickolas D. Fogel, Denver, Colorado, for Respondent Tearsa Sloan.

Opinion by Judge TERRY.

In this workers' compensation action, we consider whether an injured claimant, who provides her own transportation to attend medical appointments for treatment of her injuries, is subject to the 120–day time limitation for submission of bills that is applied to health care service providers under Workers' Compensation Rule 16–11(A)(1), 7 Code of Colo. Regs. 1101–3 (Nov.2005–Jan.2007).

We conclude that such a claimant is not a "provider" within the meaning of Workers' Compensation Rule 16–2(R), 7 Code of Colo. Regs. 1101–3 (Nov.2005–Jan.2007), and therefore, the claimant is not subject to the 120–day limitation. While the rules applicable to this appeal have since been amended and in some cases renumbered, the rules have not been changed in a manner that would affect our analysis.

Employer, Safeway, Inc., seeks review of the final order of the Industrial Claim Appeals Office (Panel) in favor of claimant, Tearsa Sloan, setting aside the order of the administrative law judge (ALJ). The ALJ's order denied the major portion of claimant's requested mileage reimbursement, on the ground that claimant's mileage claim had not been submitted timely. The Panel, however, concluded that claimant was not subject to the time limit for seeking reimbursement. We affirm.

## I.

The facts of this case are undisputed. Claimant sustained an admitted, work-related injury in May 2003. She drove herself to her medical appointments, and made no claim for mileage reimbursement until nearly three years after her injury, when she sought reimbursement for a total of 5464 miles driven between January 2004 and November 2006. Employer reimbursed claimant for travel completed within 120 days of her request, for a total of 970 miles. It denied the remainder of her request, relying on Rule 16–11(A)(1) in effect at the time of her request, which stated, "Providers shall submit their bills for services rendered within one hundred twenty (120) days of the date of service. Bills first received later than one hundred twenty (120) days may be denied unless extenuating circumstances exist." Cf. Workers' Compensation Rule 16–11(A)(1), 7 Code of Colo. Regs. 1101–3 (2007).

Claimant sought review by an ALJ of the employer's denial. The parties stipulated to the facts and filed cross-motions for summary judgment. The ALJ found Rule 16–11(A)(1) applicable to bar claimant's reimbursement claim. On claimant's petition for review, however, the Panel disagreed. It

concluded that Rule 16–11(A)(1) requires only that "providers" submit their bills within 120 days, and that, because claimant was not a "provider" as defined in Workers' Compensation Rule 16–2(R), she was not subject to the 120–day time limitation.

## II.

■ On appeal, employer first argues that the Panel misapplied the law when it concluded that claimant was not subject to the time limitation. We disagree.

■ Mileage expenses for travel to attend medical appointments are recoverable as "incident[al] to medical treatment" under the Workers' Compensation Act (Act). *Sigman Meat Co. v. Indus. Claim Appeals Office*, 761 P.2d 265 (Colo.App.1988). Claimants may seek mileage reimbursement as follows:

The payer shall reimburse an injured worker for reasonable and necessary mileage expenses for travel to and from medical appointments and reasonable mileage to obtain prescribed medications.... The injured worker shall submit a statement to the payer showing the date(s) of travel and number of miles traveled, with receipts for any other reasonable and necessary travel expenses incurred.

Workers' Compensation Rule 18–6(E), 7 Code of Colo. Regs. 1101–3 (Nov.2005–Jan. 2007); *cf.* Workers' Compensation Rule 18–6(E), 7 Code of Colo. Regs. 1101–3 (2007). The rule does not specify a time limitation within which an injured worker must submit a request for mileage reimbursement.

However, employer relies instead on Rule 16–11(A)(1), which addresses the payment of medical benefits generally, and specifies a presumptive 120–day time limit within which "providers" shall submit requests for payment of medical benefits.

"Provider" is defined in the rules as "a person or entity providing authorized healthcare service to a worker in connection with work-related injury or occupational disease." Workers' Compensation Rule 16–2(R); *cf.* Workers' Compensation Rule 16–2(P), 7 Code of Colo. Regs. 1101–3 (2007). Employer contends that claimant falls within the rule's definition of "provider" because, in

driving herself to medical appointments, she was providing a service to herself. Further, employer reasons that mileage is a medical benefit which must be provided by some person or entity, and, because there is no prohibition in the workers' compensation rules against a claimant also being a "provider," claimant must have been a "provider" within the meaning of the rules when she drove herself to appointments. In light of the plain language of the pertinent rules, we are not persuaded by employer's argument.

■ "In construing an administrative rule or regulation, we apply the same rules of construction as we would in interpreting a statute." *Lucero v. Dep't of Insts.*, 942 P.2d 1246, 1249 (Colo.App.1996). "The provisions of an administrative rule should be read in connection with and relation to each other, so that the rule itself may be interpreted as a whole." *Regular Route Common Carrier Conf. v. Pub. Utils. Comm'n*, 761 P.2d 737, 746 (Colo.1988).

■ Where a governmental body's interpretation of its own rules and regulations is consistent with generally applied rules of statutory construction, the administrative interpretation is entitled to deference. *Sierra Club v. Billingsley*, 166 P.3d 309, 312 (Colo. App.2007). In general, "an administrative agency's interpretation of its own regulations is ... entitled to great weight and should not be disturbed on review unless plainly erroneous or inconsistent with such regulations." *Jiminez v. Indus. Claim Appeals Office*, 51 P.3d 1090, 1093 (Colo.App.2002).

Using generally applied rules of statutory construction, the Panel determined that claimant did not fall within the Rule 16–2(R) definition of "provider," which is limited to persons or entities "providing authorized healthcare service to a worker." The Panel's interpretation is not plainly erroneous or inconsistent with the rule. We agree with its interpretation, and adopt it here.

The language of the applicable rules is clear and unambiguous. We therefore need look no further than the plain, ordinary meaning of the words and phrases contained therein. *See Anderson v. Longmont Toyota,*

*Inc.,* 102 P.3d 323, 327 (Colo.2004) (applying rules of statutory interpretation).

We know of no instance in the rules where workers are equated with providers, and employer has not directed our attention to any. In contrast, the rules are replete with instances in which claimants (also referred to in the rules as "injured workers") are treated differently from "providers." For example, in Rule 16–2(C), "billed service" is defined as any "billed service ... provided *to an injured worker by a provider*" (emphasis added). Workers' Compensation Rule 16–2(C), 7 Code of Colo. Regs. 1101–3 (Nov.2005–Jan. 2007). In Rule 16–2(D), the term "billing party" is defined as "a *service provider or an injured worker* who has incurred authorized medical costs" (emphasis added). Workers' Compensation Rule 16–2(D), 7 Code of Colo. Regs. 1101–3 (Nov.2005–Jan.2007). If injured workers were considered "providers" under the rules, there would be no reason to list injured workers separately from providers.

Unlike several subsections of Rule 16–2, the presumptive time limit in Rule 16–11(A)(1) for submission of bills for services only applies to "providers," and does not separately include "injured workers." And Rule 16–11(A)(3) provides a separate procedure for an "*injured worker* [who] has directly paid a *medical provider*" (emphasis added). Workers' Compensation Rule 16–11(A)(3), 7 Code of Colo. Regs. 1101–3 (Nov. 2005–Jan.2007); *see also* Workers' Compensation Rule 16–8(A) (requiring providers to maintain medical records for each injured worker, clearly distinguishing between the two categories); Workers' Compensation Rule 18–6(B)(2) (distinguishing between "claimants" who miss appointments, and "provider[s]").

The rules' definition of "non-physician providers" does not include claimants or injured workers, a further indication that claimants or injured workers are excluded from the definitional scope of "provider." Workers' Compensation Rule 16–5(A)(1)(b).

The plain language of these rules patently indicates that claimants are not intended to be treated as "providers." Our conclusion is further bolstered by the fact that Rule 18–6(E) creates a distinctly different procedure for reimbursement of a claimant's mileage expenses from the rules for payment of expenses to "providers."

Because we give full effect to the regulatory language employed whenever possible and must assume that no word in a rule or regulation is superfluous, we must assume that the rules' distinctions between claimants or injured workers, on the one hand, and providers or medical providers, on the other, was intentional. · *See Spahmer v. Gullette,* 113 P.3d 158, 163 (Colo.2005) (noting effect of linguistic differences between statutory sections). We therefore conclude that the Panel's construction of the rules is reasonable and adopt it.

Employer nonetheless urges that, in the case of a claimant driving himself or herself to medical appointments, the only possible "provider" of the transportation service is the claimant. It argues that the Panel's construction illogically results in the provision of medical benefits without a provider, and reads into the rules an exception to the requirement that requests for payment for medical benefits provided be made within a reasonable amount of time. Again, however, employer points to no binding authority supporting its construction of the rules, and we know of none. It is not our province to rewrite the Division's rules to create such a time limit.

Employer further argues that, if Rule 16–11(A)(1) is not applied to claimants, employers could be prejudiced in their ability to confirm the validity of stale claims. Because it is not properly before us, we express no opinion as to whether an employer could dispute a patently stale mileage reimbursement claim based on the defense of laches. *See Burke v. Indus. Claim Appeals Office,* 905 P.2d 1, 2 (Colo.App.1994) (in worker's compensation proceeding, "[t]he equitable defense of laches may be used to deny relief to a party whose unconscionable delay in enforcing his rights has prejudiced the party against whom enforcement is sought.")

Because we hold that, under the plain meaning of the applicable rules, a claimant is not a "provider" for purposes of submitting

mileage reimbursement requests, claimant is not subject to the presumptive deadline for submission of "bills for services" set forth in Rule 16–11(A)(1).

## III.

 Employer also argues that its rights to equal protection are violated by a construction that imposes on employers a burden to pay claims in a timely fashion, yet does not impose upon claimants a corresponding burden to submit claims timely. Again, we are not persuaded.

In an equal protection challenge, the threshold question is whether the application of the rule or regulation results in dissimilar treatment of similarly situated individuals. *Calvert v. Indus. Claim Appeals Office,* 155 P.3d 474, 477 (Colo.App.2006). Employer cannot meet this threshold. It does not contend that employers and claimants are similarly situated, nor does it offer any authority in support of such a contention. An employer paying benefits is not similarly situated for equal protection purposes to a claimant seeking payment of benefits. *See id.* (no equal protection violation where employers and claimants follow different reopening timelines because employers and claimants are not similarly situated for purposes of reopening claim). Absent such a showing, any equal protection argument made by employer must fail.

The order is affirmed.

Judge CASEBOLT and Judge WEBB concur.