Jesus MUNOZ, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OF-
FICE of the State of Colorado, JBS
Swift & Company, and Zurich American
Insurance Company, Respondents.

No. 10CA0592.

Colorado Court of Appeals,
Div. A.

May 12, 2011.

Rehearing Denied June 16, 2011.

Ira A. Sanders, Greeley, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claims Appeals Office.

Thomas Pollart & Miller LLC, Douglas A. Thomas, Heather J. Smith, Greenwood Village, Colorado, for Respondents JBS Swift & Company and Zurich American Insurance Company.

Opinion by Chief Judge DAVIDSON.

In this workers' compensation proceeding brought against JBS Swift & Company and its insurer, Zurich American Insurance Company (collectively, employer), Jesus Munoz (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel). The Panel affirmed the order of the administrative law judge (ALJ), which concluded that claimant waived his right to a division-sponsored independent medical examination (DIME) and dismissed his claim for penalties against the DIME Unit for the Division of Workers' Compensation (division). We conclude that the Panel erred in refusing to address an underlying issue concerning whether the DIME process was stayed, and, as a matter of law, we conclude that it was stayed. Thus, we conclude that the finding of waiver must be set aside and the case remanded for further proceedings on the DIME issue. However, we affirm that por-tion of the order dismissing the penalty claim.

## I. Background

After claimant sustained a work-related injury, employer filed a final admission of liability (FAL) for permanent partial disability benefits. Claimant objected to the admission and filed a Notice and Proposal to Select an Independent Medical Examiner.

The parties' negotiation over the selection of a physician failed, and claimant filed an application for a DIME. On the line of the form specifying "[l]ist any concerns to be addressed by the IME [independent medical examination] [p]hysician," see Dep't of Labor & Employment Rule 11–3(B), 7 Code Colo. Regs. 1101–3, claimant wrote "[u]pper extremity orthopedic surgeon to address arthroscopic and open surgical risks, benefits, and efficacy." However, according to claimant, the IME panel of three physicians offered by the division did not include an orthopedic surgeon specializing in upper extremities. See § 8–42–107.2(3)(a), C.R.S. 2010 (selection of DIME physician is based on various factors, including physicians' fields of specialization); Dep't of Labor & Employment Rule 11–3(C), 7 Code Colo. Regs. 1101–3. Therefore, claimant filed his first application for a hearing, requesting that the division address the "[p]ropriety of [the] DIME panel selection and physician specialties, contrary to [c]laimant's DIME rights ... and true treatment and diagnostic needs." See Dep't of Labor & Employment Rule 11–10, 7 Code Colo. Regs. 1101–3 ("Disputes concerning the [D]IME process that arise in individual cases ... may be taken to an [ALJ] for resolution."). A copy of the application was delivered to the DIME Unit.

Rather than adjudicating the DIME panel selection issue first, the division proceeded with the selection of a physician to perform the DIME. See § 8–42–107.2(3)(a); Rule 11–3(C); *City of Manassa v. Ruff*, 235 P.3d 1051, 1054 (Colo.2010) (describing statutory procedure when parties cannot agree on which physician will perform the DIME). In the letter confirming the identity of the DIME physician, the division notified claim-

ant that he had five days to schedule an appointment with the DIME physician. *See* Dep't of Labor & Employment Rule 11–3(I), 7 Code Colo. Regs. 1101–3.

However, instead of scheduling the DIME, claimant filed a second application for a hearing requesting penalties against the DIME Unit and particular employees "for knowingly proceeding with the selection of an IME [p]hysician in violation of the stay provision" of Department of Labor and Employment Rules 11–3(N) (now 11–3(O)) and 11–10. *See* Dep't of Labor & Employment Rule 11–3(O), 7 Code Colo. Regs. 1101–3 ("If a party files a *motion involving a pending IME proceeding,* the moving party shall provide a copy of the motion directly to the [D]IME Unit. The IME proceeding shall be held in abeyance until the [D]IME Unit is notified of the disposition . . . .") (emphasis added).

The ALJ found that "[c]laimant did not request a stay of the IME proceedings and did not file a *[m]otion to stay* the proceedings. Claimant filed an *[a]pplication for [h]earing* concerning the propriety of the [D]IME selection process. This does not create an automatic stay of the [D]IME process." (Emphasis added.)

The ALJ also found that claimant intentionally failed and refused to participate in the DIME process, and by his conduct, he relinquished his right to and abandoned the DIME. Thus, the ALJ concluded that "[c]laimant waived his right to a [DIME] by failing to schedule the examination." Because he concluded the DIME was waived, the ALJ dismissed the penalty claim as moot.

The ALJ noted that the claim was closed, given that the waiver of the DIME resulted in a binding FAL. The Panel affirmed as to the waiver and penalty issues, but refused to address the stay issue.

## II. Contentions and Preservation

On appeal, claimant contends that the ALJ erroneously concluded that (a) the filing of an application for hearing concerning the propriety of the DIME selection process did not automatically stay the DIME proceedings, and (b) claimant waived his right to a DIME. Employer responds that in the appeal to the

Panel, claimant failed to raise the issue that the filing of the first application for hearing automatically stayed the DIME process, and therefore the issue was not preserved for consideration by this court. *See Ortega v. Indus. Claim Appeals Office,* 207 P.3d 895, 899 (Colo.App.2009) (reviewing court may not address issues that were not raised before the Panel); *City & County of Denver v. Indus. Claim Appeals Office,* 58 P.3d 1162, 1165 (Colo.App.2002) (reviewing court declined to address specific issue that "was not encompassed in the . . . argument raised before the Panel").

■ Our review of the record confirms that claimant preserved the issue of whether his first application for hearing stayed the DIME proceedings pursuant to Rule 11–3(O).

### A. Proceedings Before ALJ

In his position statement filed with the ALJ, claimant argued that the rules provide for "adjudication as the method for the resolution of . . . DIME–related disputes and for the stay of all proceedings" once an application for hearing is filed. He specifically cited a Panel decision stating that under the rules, the DIME process may be stayed while a DIME selection issue is resolved by an ALJ. Claimant also incorporated and attached to his position statement an opinion by an ALJ in a different case stating that the "[c]laimant's [a]pplication for [h]earing . . . constituted a motion involving the DIME proceeding," and that "[p]ursuant to Rule 11–3(N) (now 11–3(O)) . . . the DIME process is held in abeyance until the dispute is resolved."

However, the ALJ here did not agree. The ALJ found that because claimant filed an application for hearing regarding the DIME panel selection process (rather than a motion for stay), the DIME process was not stayed. Thus, the ALJ impliedly concluded, contrary to claimant's argument and without citation to the rules, that claimant's application for hearing on the propriety of the DIME panel selection did not constitute a "motion involving a pending IME proceeding" under Rule 11–3(O) and, therefore, the matter was not stayed.

## B. Proceedings Before Panel

In his opening brief in support of his petition for review by the Panel, claimant requested a wholesale incorporation of voluminous "arguments, contentions, and authority set forth or referenced" in this case and the other administrative opinions claimant had previously cited. The Panel rejected claimant's stay argument in this paragraph because it was "vague and unspecific."

With good reason, the Panel declined to piece together claimant's argument presented in other pleadings in this case. *See Fisher v. Cmty. Banks of Colo., Inc.,* — P.3d —, —, 2010 WL 3432205 (Colo.App.2010) (*cert. granted* Mar. 14, 2011) ("A party's incorporation by reference of prior pleadings is improper because it shifts to the appellate court 'the task of locating and synthesizing the relevant facts and arguments.'") (quoting *Castillo v. Koppes–Conway,* 148 P.3d 289, 291 (Colo.App.2006)).

However, claimant specifically relied on the ALJ decision attached to his position statement, and also relied on two Panel decisions. All three decisions were also attached to the Panel brief. Further, claimant explicitly raised the issue of the "propriety of the DIME selection process and physician panel specialty selection," noting that the issue had "already been decided in [his] favor" by other Panel opinions in other cases, and "the ALJ was bound to follow such holdings."

## C. Stay Issue Was Preserved

Claimant's argument necessarily included the right to have the DIME process stayed under Rule 11–3(O). Thus, we conclude that the stay issue is sufficiently preserved for our review even though the Panel considered only the waiver and penalty issues. *See Sneath v. Express Messenger Serv.,* 931 P.2d 565, 567–68 (Colo.App.1996) (where Panel erred in concluding "that claimant had not raised [an] issue ... before the ALJ [and] affirmed the ALJ's award without passing upon that issue," appellate court concluded that issue was preserved for its review).

## III. Stay

■ Because the Panel did not address the stay issue, and the issue hinges on statutory interpretation that may be decided as a matter of law, we resolve it ourselves rather than remand to the Panel. *See People v. J.D.,* 989 P.2d 762, 769 (Colo.1999) ("when a trial court fails to fully apply the correct standard," but "the findings are sufficient and supported by the record, an appellate court can review the matter and decide the issue as a matter of law"); *Keyah Grande, LLC v. Colo. Dep't of Agric.,* 159 P.3d 727, 728 (Colo.App.2006) ("Statutory interpretation is a question of law that we review de novo."); *see also Specialty Rests. Corp. v. Nelson,* 231 P.3d 393, 402 (Colo.2010) (noting that workers' compensation statutes should be interpreted "according to their plain language"); *Safeway, Inc. v. Indus. Claim Appeals Office,* 186 P.3d 103, 105 (Colo.App. 2008) (in construing workers' compensation rules of procedure, traditional rules of statutory construction apply).

■ We agree with claimant that his application for hearing on the DIME selection issue sufficed as a "motion" for purposes of Rule 11–3(O), and that once that application was filed and the DIME Unit was copied, the DIME process was automatically stayed.

### A. Application for a Hearing Constitutes a Motion

■ Imposition of a stay under Rule 11–3(O) requires "a motion involving a pending IME proceeding." An application for a hearing serves the same function as a motion. *See One Hour Cleaners v. Indus. Claim Appeals Office,* 914 P.2d 501, 506 (Colo.App. 1995) (noting that no action was taken in an "application for hearing or in any other pleading or motion"). An application for hearing is simply broader in scope, in that it is used to request a hearing in conjunction with resolution of an issue, while a motion could, depending on the issue, be resolved without a hearing. *See, e.g., Olivas–Soto v. Indus. Claim Appeals Office,* 143 P.3d 1178, 1179 (Colo.App.2006) (claimant filed multiple applications for hearing on issues requiring resolution by evidentiary hearing, but em-

ployer's motion to strike one of those applications was resolved prior to hearing).

Thus, we conclude that claimant's application for hearing on the DIME selection issue constituted a "motion" involving the pending DIME proceeding. The ALJ erred in concluding otherwise.

### B. Stay Is Automatic

Rule 11–3(O) provides that "[t]he IME proceeding shall be held in abeyance" once a "motion involving a pending IME proceeding" is filed and a copy is provided to the DIME Unit. This is plain language that must be interpreted as effecting an automatic stay. *See Safeway, Inc.,* 186 P.3d at 105–06 (enforcing plain meaning of workers' compensation rule); *Monfort Transp. v. Indus. Claim Appeals Office,* 942 P.2d 1358, 1361 (Colo.App.1997) ("The term 'shall' connotes a mandatory requirement."); *People v. Taylor,* 876 P.2d 130, 131–32 (Colo.App.1994) (giving mandatory effect to provision stating that "when a notice of appeal is filed: '[a]n order placing the defendant on probation shall be stayed' "; rule was interpreted "consistent with its plain language" as "automatically staying a probation order when a notice of appeal is filed"); *see also City of Greenwood Village v. Petitioners for Proposed City of Centennial,* 3 P.3d 427, 435 (Colo.2000) (enforcing provision to hold "proceedings in abeyance").

It follows that once claimant filed his application for hearing on the DIME selection issue, the DIME process was automatically stayed pending resolution pursuant to Rule 11–10. Thus, the ALJ's conclusion to the contrary was erroneous.

### IV. DIME Was Not Waived

■ Because the DIME process was stayed, the finding of waiver is not supported and must be set aside. Claimant could not knowingly waive the DIME when the DIME process was stayed. *See Leprino Foods Co. v. Indus. Claim Appeals Office,* 134 P.3d 475, 479 (Colo.App.2005) ("[T]he record fully supports the ALJ's finding that claimant's conduct does not demonstrate the kind of knowing, intelligent, and unambiguous conduct required to imply a waiver [of her right

to contest an issue through the DIME process].").

### V. Penalty Claim Was Properly Dismissed

Although claimant has not specifically appealed the penalty issue, we note that the dismissal of the penalty claim was based on the ALJ's erroneous conclusion that the DIME was waived, which was in turn based on the erroneous conclusion that the DIME process was not stayed. Because the issues are intertwined, we address the penalty issue and conclude that there was no error in the dismissal of the penalty claim.

Claimant's penalty request was dismissed on the basis that it was moot. We conclude that although the ALJ reached the correct result by dismissing the penalty claim as moot, the reliance on waiver of the DIME as the basis for mootness was misplaced.

■ We conclude the penalty issue is moot for a different reason. Claimant asserted at the hearing that he was not seeking monetary penalties against the DIME Unit, and that his sole purpose in requesting penalties was to force the DIME Unit to comply with the stay provision of Rule 11–3(O). Our decision today grants him that relief. Thus, because the ALJ reached the right result, albeit for the wrong reason, we may affirm. *See Baldwin Constr. Inc. v. Indus. Claim Appeals Office,* 937 P.2d 895, 897 (Colo.App. 1997); *see also Duran v. Indus. Claim Appeals Office,* 883 P.2d 477, 485 (Colo.1994) ("A question is moot if its resolution cannot have any effect upon an existing controversy.").

We express no opinion as to whether penalties may be assessed against the DIME Unit. *See* § 8–43–304(1), C.R.S.2010 (authorizing the imposition of penalties against an employer, insurer, claimant, "or any other person").

### VI. Attorney Fees and Compliance with Appellate Rules

Employer contends that claimant's failure to comply with C.A.R. 28(k) supports an award of attorney fees to employer under C.A.R. 38(d). Given our disposition, and be-

cause we are able to discern the basis for the arguments despite claimant's incomplete compliance with C.A.R. 28, we decline to award fees. *See In re Marriage of Davis,* 252 P.3d 530, 538 (Colo.App.2011) (declining to award fees because appeal was not frivolous); *Patterson Recall Comm., Inc. v. Patterson,* 209 P.3d 1210, 1220 (Colo.App.2009) (concluding that failure to comply with C.A.R. 28 was "troubling," but nonetheless addressing merits).

## VII.  Conclusion

The Panel's order on the penalty claim is affirmed, the remainder of the order regarding the stay and waiver is set aside, and the case is remanded for the ALJ's reconsideration of the DIME issue in claimant's first application for hearing.

Judge TAUBMAN and Judge STERNBERG * concur.