**HIRE QUEST, LLC, d/b/a Trojan Labor; and Ace American Insurance Company, Petitioners,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the STATE of Colorado and Jimmy Lassiter, Respondents.**

No. 10CA2450.

Colorado Court of Appeals, Div. VII.

Sept. 15, 2011.

Rehearing Denied Oct. 27, 2011.

Thomas Pollart & Miller LLC, Douglas A. Thomas, Heather J. Smith, Greenwood Village, Colorado, for Petitioners.

No Appearance for Respondent Industrial Claim Appeals Office.

Franklin D. Azar & Associates, John M. Connell, Aurora, Colorado, for Respondent Jimmy Lassiter.

Opinion by Judge GABRIEL.

In this workers' compensation proceeding, Hire Quest, LLC and its insurer, Ace American Insurance (collectively employer), seek review of a final order of the Industrial Claim Appeals Office (Panel) determining that claimant Jimmy Lassiter is entitled to ongoing medical treatment after the date of maximum medical improvement (MMI). Because we perceive no error in the Panel's conclusion that claimant did not waive his entitlement to such benefits, we affirm.

## I. Background

In 2007, claimant sustained work-related injuries in a motor vehicle accident. The treating physician determined that claimant was at MMI in 2008, and a physician performing a division-sponsored independent medical examination (DIME) agreed. The DIME physician also issued an impairment rating and recommended further treatment.

Employer filed an application for a hearing on the issues of (1) permanent partial disability (PPD) benefits, (2) a penalty for an alleged safety rule violation by claimant (namely, his failure to wear a seatbelt in violation of employer's policy), and (3) overcoming the DIME physician's impairment rating. Claimant responded to this application and listed the issues to be determined as the safety rule violation, the alleged overpayment of benefits by employer, and overcoming the DIME physician's impairment rating. Employer, however, subsequently withdrew the issue of overcoming the DIME, leaving for determination at the hearing only the issues of a reduction of benefits based on the safety rule violation and a credit for previously paid temporary disability benefits.

In a 2009 order, the ALJ ordered employer to pay PPD benefits based on the DIME physician's uncontested rating. The ALJ, however, denied a reduction for the alleged safety rule violation, finding that employer had failed to prove such a violation, but agreed that employer was entitled to a credit for previously paid temporary disability ben-

**634**

efits. The ALJ also stated, "Issues not expressly decided herein are reserved to the parties for future determination." This order was not appealed.

The ALJ's reservation clause became the issue of protracted litigation when claimant later filed an application for a hearing on the issue of his entitlement to ongoing medical benefits after MMI (*Grover* medical benefits). *See Grover v. Indus. Comm'n,* 759 P.2d 705, 711 (Colo.1988) (concluding that "future medical benefits may be entered" if "future medical treatment will be reasonably necessary to relieve the injured worker from the effects of the work-related injury or occupational disease"). Claimant argued that because the DIME physician recommended further medical treatment and employer never filed a final admission of liability (FAL) taking a position on that recommendation, *Grover* medical benefits could be awarded despite claimant's failure to raise the issue earlier.

Employer responded that claimant was not entitled to *Grover* medical benefits because, as pertinent here, (1) claimant's claim was closed after the 2009 order became final and no petition to reopen had been filed, and (2) by failing to request *Grover* medical benefits when the issue of PPD benefits was heard, claimant waived his right to those benefits.

A second ALJ agreed with employer that claimant had waived his right to pursue *Grover* medical benefits by failing to raise that issue at the hearing concerning PPD benefits. This ALJ also concluded that (1) employer was not required to file an FAL under the circumstances of this case, and (2) the first ALJ's reservation clause was "mere surplus" because the 2009 order addressed PPD benefits and applicable case law "require[d] a claimant to litigate the issue of *Grover* medical benefits in connection with an award of PPD benefits."

Claimant appealed, and the Panel affirmed as to the ALJ's determination that employer was not required to file an FAL. The Panel, however, set aside the ALJ's finding that claimant had waived his right to *Grover* medical benefits. The Panel recognized the general rule that such benefits must be requested at the time permanent

disability is determined and that claimant did not do so. The Panel concluded, however, that the reservation clause in the ALJ's 2009 order preserved claimant's right to seek *Grover* medical benefits. In so holding, the Panel disagreed with the second ALJ's characterization of the reservation clause as "mere surplus," stating, "We presume the intent [of the first ALJ] was to reserve unresolved issues such as entitlement to *Grover* medical benefits." The Panel thus remanded the case to the second ALJ to determine claimant's entitlement to such benefits.

On remand, the second ALJ awarded claimant *Grover* medical benefits. Relying on the medical evidence presented, including the opinions of the treating physician and the DIME physician, the ALJ found that "future medical treatment will be reasonably necessary to alleviate and prevent deterioration of [claimant's] condition." Employer appealed, and the Panel affirmed.

Employer now appeals the Panel's order affirming the award of *Grover* medical benefits to claimant.

## II. Discussion

Employer contends that the Panel erred in rejecting its contention that claimant waived the issue of *Grover* medical benefits. Specifically, as pertinent here, employer asserts that (1) claimant waived his right to receive *Grover* medical benefits by failing to request them when the issue of permanent disability was heard, and (2) the issue of *Grover* medical benefits was never raised at the initial hearing and thus, could not have been reserved. We are not persuaded.

### A. Applicable Law and Standard of Review

■ "[T]he right to future medical benefits may be waived if not requested at the time permanent disability is heard." *Hanna v. Print Expediters Inc.,* 77 P.3d 863, 866 (Colo.App.2003). A claim may be litigated without reopening, however, if "an ALJ's award of benefits expressly reserves other issues for future determination." *Id.*

■ Generally, whether a party has waived his or her rights is a question of fact. *In re Marriage of Robbins*, 8 P.3d 625, 630 (Colo.App.2000). When an ALJ's factual findings are supported by substantial evidence, we are bound by them. *See* § 8–43–308, C.R.S.2010; *Paint Connection Plus v. Indus. Claim Appeals Office*, 240 P.3d 429, 431 (Colo.App.2010). An agency's decision that misconstrues or misapplies the law, however, is not binding. *Paint Connection Plus*, 240 P.3d at 431. We review de novo questions of law or the application of law to undisputed facts. *See Camp Bird Colo., Inc. v. Bd. of Cnty. Commrs.*, 215 P.3d 1277, 1281 (Colo.App.2009).

### B. Application

Applying these principles here, we reject each of employer's above-noted assertions in turn.

#### 1. Alleged Waiver Under *Hanna*

■ With respect to employer's contention that under *Hanna*, claimant waived his claim for *Grover* medical benefits by not requesting them at the time permanent disability was heard, employer does not dispute that a claim may be litigated without reopening when an ALJ's award of benefits expressly reserves other issues for future determination. *Hanna*, 77 P.3d at 866.

Here, as noted above, and unlike in *Hanna*, the first ALJ's order specifically stated, "Issues not expressly decided herein are reserved to the parties for future determination." Moreover, it is undisputed that the issue of *Grover* medical benefits was not expressly decided in the first ALJ's order. Accordingly, under the clear and unambiguous language of that order, the issue of *Grover* medical benefits was reserved for future determination and therefore not waived by claimant. *Cf. Munoz v. Indus. Claim Appeals Office*, —— P.3d ——, ——, 2011 WL 1797229 (Colo.App.2011) (holding that the claimant could not knowingly waive a DIME when the DIME process was stayed).

Notwithstanding the foregoing, employer asserts that the reservation clause was ineffective because (1) it was "mere surplus" and "generic," and (2) it failed to refer expressly to *Grover* medical benefits. Again, we are not persuaded.

As to the first of these contentions, we are unwilling to presume that the reservation clause at issue here was "mere surplus," especially given the absence of any evidence in the record indicating that the first ALJ added that clause to his order without any basis for doing so.

As to the second of these contentions, we see nothing in *Hanna* (or in *Brown & Root, Inc. v. Industrial Claim Appeals Office*, 833 P.2d 780 (Colo.App.1991), on which *Hanna* relied) to support employer's contention that a reservation clause must specifically list the issues being reserved. As noted above, in *Hanna*, 77 P.3d at 866, the division opined that a claim may be litigated without reopening when an ALJ's award of benefits "expressly reserves other issues for future determination." The division, however, did not say that the ALJ was required to specify what issues were being reserved. Although, as employer's counsel noted in oral argument, the division went on to observe that the ALJ order at issue in *Hanna* "did not contain *any* clause that reserved the issue of medical benefits," *id.* (emphasis added), we do not interpret that statement as requiring that a reservation clause specify the precise issues reserved. Rather, we view that statement, when read in context, as a factual recitation as to what had occurred in that case.

For these reasons, although we note that it may be better practice for an ALJ, where practicable, to specify any issues that he or she intends to reserve, we are unwilling to engraft such a requirement onto existing law, particularly where neither the General Assembly, our supreme court, nor any prior division of this court has done so. Accordingly, on the facts of this case, we perceive no error in the Panel's determination that the express reservation clause was valid and thus preserved claimant's claim for *Grover* medical benefits. *See El Paso Cnty. Dep't of Soc. Servs. v. Donn*, 865 P.2d 877, 879 (Colo. App.1993) ("If an order grants or denies temporary benefits but expressly reserves jurisdiction over other issues, no award has

been entered, and thus, no petition to reopen is required."); *Brown & Root, Inc.,* 833 P.2d at 784 (where an ALJ's order "specifically referred to [PPD] benefits and reserved the ALJ's jurisdiction over that issue for further determination," the division could not conclude that the order constituted an award closing the matter, and thus, no petition for reopening was required); *see also* 17 Douglas R. Phillips & Susan D. Phillips, *Colo. Practice Series: Colorado Workers' Comp. Practice & Procedure* § 13.8, at 577 (2d ed.2005) (noting that (1) a reservation clause providing that "[a]ll issues not determined are reserved for future determination" should be sufficient to prevent dismissal of other potential benefits after an adjudication, and (2) "if specific issues are to remain open the administrative law judge should list the issues").

### 2. Reservation of Issue Purportedly Not Raised

With respect to employer's contention that because the *Grover* medical benefits issue was never raised at the hearing, it could not have been reserved, employer cites no applicable authority to support this assertion, and we have found none. Accordingly, we reject this argument.

### III. Conclusion

For these reasons, the order is affirmed. JUDGE KAPELKE concurs.

Judge KAPELKE * concurs.

Judge RICHMAN dissents.

Judge RICHMAN dissenting.

I respectfully dissent from the majority's conclusion for the following reasons.

In addition to stating that claimant was at MMI and setting forth his opinion of claimant's impairment rating, the report of the DIME physician suggested the possibility that claimant may be entitled to future medical benefits. Specifically, the report recommended, as part of his maintenance care, that

claimant have repeat x-rays of the lumbar spine, including flexion extension films, and possible surgical evaluation.

As the majority notes, in its application for a hearing, employer listed "overcoming" the DIME's impairment rating as one of the issues to be decided. Claimant filed a response to the application for hearing listing as issues the penalty sought by the employer for the safety rule violation, and "overcoming" the DIME's impairment rating, but made no mention of a request for hearing on the future medical benefits.

When employer's counsel stated on the record at the hearing before the ALJ on June 4, 2009, that it was withdrawing its opposition to the DIME's impairment rating and only wished to contest the requested reduction in benefits due to the safety violation, the ALJ asked claimant's counsel if there were any issues from claimant's perspective. His counsel responded: "No. We believe it's [employer's] burden. It's a safety violation, and that's what we're here for." Thereafter, the record reflects no mention of future medical benefits. Moreover, the record reflects no request by either party to the ALJ to reserve any issue.

The only issue listed for decision in the ALJ's June 19, 2009, corrected summary order is whether claimant's injury was caused by his willful failure to obey a reasonable safety rule. The order rejects employer's request to reduce benefits due to the alleged safety violation, directs employer to pay PPD benefits based on the DIME's impairment rating, allows an offset to employer for an overpayment of benefits, and adds statutory interest on all amounts due. The order makes no mention of future medical benefits. Applying the rule of *Grover* and *Milco Construction v. Cowan,* 860 P.2d 539, 541 (Colo. App.1992), at this point claimant's right to future medical benefits was waived by not being substantiated at the time of hearing on the final award for permanent disability benefits. "[T]here must be substantial evidence in the record to support a determination that future medical treatment will be reasonably

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2011.

necessary ... [a]nd, this need must be substantiated at the time of hearing on the final award for permanent disability." *Milco*, 860 P.2d at 541 (internal citation omitted).

Claimant argues, and the majority agrees, that because paragraph 12 of the summary order states that "[i]ssues not expressly decided herein are reserved to the parties for future determination," claimant's right to future medical benefits was reserved. I find nothing in the record that would support this sentence as referring to, or encompassing, a reservation of the issue of future medical benefits. From the record, there would be no reason for the ALJ to contemplate that future medical benefits was an issue.

Nonetheless, the majority interprets the *Hanna* decision as applicable here, stating that nothing in *Hanna* supports employer's contention that a reservation clause must expressly refer to medical benefits. I disagree.

*Hanna* holds that "unless an ALJ's award of benefits expressly reserves other issues for future determination, the 'award' closes the claim...." 77 P.3d at 866. *Hanna* does not explain what is required for an order to "expressly reserve[ ]" other issues. *Id.* However, because it cites to *Brown & Root,* and correctly describes that decision as containing an "express reservation of jurisdiction over the subject of permanent disability," *Hanna,* 77 P.3d at 866, I view *Hanna* as requiring specificity of the issue reserved in order to prevent the award from having the effect of closing the claim.

Here, the ALJ's reservation did not specify any issue that was reserved. Rather, it used the expression "[i]ssues not expressly decided herein." There could have been any number of issues not expressly decided in the ALJ's order, and I cannot conclude that they all were reserved. However, as future medical benefits were not specified in the reservation clause, and admittedly were not raised before the ALJ, I cannot agree that this reservation language reserved the issue of future medical benefits.

Thus, I would set aside the Panel's order.